UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MACHINERY PAVER SALES, INC.**                                      **CIVIL ACTION**

**VERSUS**                                                                                 **NUMBER 06-697-JJB-DLD**

**BOMAG AMERICAS, INC.**

### REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion to Remand (rec. doc. 9). The motion is opposed. The sole issue is whether there is a sufficient amount in controversy for diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

*Background*

The plaintiff, Machinery Paver Sales, Inc. (Machinery), filed suit in Louisiana state court alleging that it purchased a paving machine for thirty-three thousand nine-hundred sixty-four and 40/100 ($33,964.40) dollars, from defendant BOMAG Americas, Inc. (BOMAG), which it then resold to a customer in Colorado. When the customer began using the paving machine, it had several serious mechanical problems, which are detailed in the plaintiff's Petition for Redhibition and for Damages.[1] After many unsuccessful attempts by BOMAG to repair the machine, Machinery purchased a new paver of a different brand for its customer, and the BOMAG paver was returned to BOMAG's factory, where it remains.

In its suit for redhibition, Machinery stated that it is, pursuant to La.C.C. arts. 2520, *et seq.*, entitled to the return of the purchase price of the paver, with interest from the date the purchase price was paid, plus reasonable expenses incurred in the sale. Machinery also alleged that pursuant to La.C.C. art. 2545, BOMAG was the manufacturer of the

---

[1] See *Notice of Removal* (rec. doc. 1).

paving machine, and thus also liable to Machinery for reasonable attorney's fees and damages. In its prayer for relief, Machinery requested the following: (a) the purchase price of the paver, together with legal interest from the date that the price was paid; (b) reasonable expenses occasioned by its purchase of the paver; and, (c) damages suffered by Machinery due to its purchase of the paver, including, but not limited to:

> (1) the cost of repairing and shipping the Paver, (2) inconvenience, (3) loss of business, (4) the costs incurred in purchasing a new paver for McDonald [the customer] to replace the defective Paver and shipping the new paver to McDonald and (5) other damages to be shown at the trial of this matter.

Machinery also requested reasonable attorney fees, legal interests, and costs, and a trial by jury. BOMAG removed the case to federal court on diversity subject matter jurisdiction, and the motion to remand followed.

### *Arguments of Parties*

In its motion to remand, Machinery argues that its total damages are the costs of the original paver, plus the costs of the replacement paver, less the payment received from the customer, for a total of thirty-two thousand seven-hundred seventy-four and 40/100 ($32,774.40). Machinery included invoices in support of these amounts.[2] Machinery also acknowledges that a reasonable attorney's fee has been prayed for, but argues that this amount, when added to the costs of the paver, does not exceed seventy-five thousand ($75,000) dollars, and that legal interest is not included in the calculation of the amount in controversy for purposes of diversity jurisdiction.

In opposition, BOMAG argues that it is facially apparent that over seventy-five thousand ($75,000) dollars was in controversy at the time of removal, and that Machinery,

---

[2] *Plaintiff's Memorandum in Support of Motion to Remand* (rec. doc. 10), p. 4; and Attachments (rec. docs. 10-2 and 10-3).

-3-

in its motion to remand, has ignored several items of damages that it prayed for in its petition, such as:

> (1) the cost of repairing and shipping the original Paver;
> (2) inconvenience;
> (3) loss of business;
> (4) the costs in shipping the new Paver to McDonald; and
> (5) other damages that may be determined.

BOMAG argues that when the costs of multiple repair jobs and shipping around the country are considered, as well as the business loss claimed, in addition to the damages noted by plaintiff and the attorney's fees, the amount in controversy well exceeds seventy-five thousand ($75,000) dollars.

BOMAG also argues that the plaintiff's prayer for damages included the purchase price of two pavers:

> "the purchase price of the Paver together with legal interest from the date that the price was paid" plus "the cost[s] of repairing and shipping the [original, supposedly defective] Paver" and (2) "the costs in purchasing a new paver . . . to replace the defective Paver and shipping the new Paver . . ."[3]

Therefore, defendant argues, at the time of the removal, the amount in controversy on the face of the petition was for the cost of two pavers, which alone, without consideration of any damages or attorney's fees, amounted to seventy-two thousand eight-hundred fifty-five and 40/100 ($72,855.40) dollars.[4]

***Applicable Law***

When a case is removed on the basis of diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in

---

[3] *Opposition in Response to Motion to Remand* (rec. doc. 11), p. 4, citing *Plaintiff's Petition for Damages*, (rec. doc. 1), p. 5.

[4] *Opposition in Response to Motion to Remand* (rec. doc. 11), p. 4, using the costs outlined in the Motion to Remand.

controversy exceeded the statutory seventy-five thousand ($75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 850 (5th Cir. 1999). A showing only that the damages "could well exceed" the jurisdictional amount or that there is "some possibility" that the plaintiff "could recover more" than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen v. R and H Oil & Gas Co.*, 63 F. 3d 1326,1336; *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1411-12 (5th Cir. 1995)( *De Aguilar II*). The possibility that the plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction a the time of removal. *De Aguilar II*, 47 F. 3d at 1411. And a requirement that the removing defendant show merely that the plaintiff could recover more than the jurisdictional amount is too permissive. *Id*. Rather, the defendant must establish that it was more likely than not that the jurisdictional amount in controversy requirement was satisfied at removal. *Allen*, 63 F. 3d at 1336.

The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75, 000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar II,* 47 F. 3d at 1412.

If the defendant fails to demonstrate that it is more likely than not that the requisite amount was in controversy, a mere conclusory allegation in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain jurisdiction. See, e.g., *Asociacion Nacional de Pescadores a Pequena Escala O Artesenales de Colombia, S. A. (" ANPAC") v. Dow Quimica de Colombia,* 988 F. 2d 559, 565-66 (5th Cir. 1993). Furthermore, if the allegations in the state court petition and removal papers concerning the amount in controversy do not contain sufficient specificity

and substance to support a finding that the jurisdictional amount requirement was satisfied at the time of removal, the Court may not consider facts developed after removal. *Simon*, 193 F. 3d at 851. The removing defendant may rely, however, upon submissions filed after removal, so long as the post-removal filing sets forth facts developed at the time of removal. *Simon*, 193 F. 3d at 851 n. 10; *Allen*, 63 F. 3d at 1335.

## *Discussion*

It is apparent from the face of the petition that more than seventy-five thousand ($75,000) dollars was in controversy at the time of removal. While the petition does state that the plaintiff's damages include the costs of two machines, even if that statement is read conservatively to include only the cost of the original paver, the damages still exceed the jurisdictional minimum. The plaintiff made claims not only for costs of the paver, but for business losses, repairs, shipping, inconvenience and other damages, including attorney's fees.

While not determinative, plaintiff's request for a jury is also indicative that at least fifty-thousand ($50,000) dollars, the minimum amount for a jury trial in Louisiana,[5] was in controversy, which is contrary to plaintiff's argument that the damages are limited to thirty-two thousand seven-hundred seventy-four and 40/100 ($32,774.40) dollars in machinery costs plus attorney's fees. Furthermore, the plaintiff did not include any allegation in its petition, as required by Louisiana Code of Civil Procedure article 893(A)(1), that its damages were less than the requisite amount to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.

---

[5] La. C.C.P. art. 1732(1).

*Conclusion*

For the reasons stated above, the court finds that it was apparent from the face of the petition that over seventy-five thousand ($75,000) dollars was in controversy at the time of removal, and therefore the defendant has satisfied its burden that more likely than not the amount in controversy is sufficient to sustain diversity jurisdiction pursuant to 28 U.S.C. §1332.

*Recommendation*

**IT IS THE RECOMMENDATION** of the court that the plaintiff's Motion to Remand (rec. doc. 9) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 12, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MACHINERY PAVER SALES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-697-JJB-DLD** |
| **BOMAG AMERICAS, INC.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 12, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**